UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | | |
|---|---|---|
| CHRISTOPHER L. RICHARDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:09-cv-12 |
| | ) | Mattice/Lee |
| BEDFORD COUNTY SHERIFF RANDALL | ) | |
| BOYCE; CAPT. JERRY SIRCY; SGT. LYNN | ) | |
| HALL; KIERAN SMITH; SHAWN BARHAM; | ) | |
| OFFICER GREEN, OFFICER BLACKMON, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Christopher L. Richardson ("Richardson") filed a *pro se* prisoner's civil rights complaint pursuant to 42 U.S.C. § 1983 (Court Doc. 3). Richardson claims he was arrested on October 14, 2008, and transported to Bedford County Jail. While there, he was assaulted by Defendants. Although Richardson's complaint is somewhat confusing, the Court presumes he is claiming that as a result of these assaults, he sustained injuries to his body and head. In addition, Richardson claims he was assaulted by four inmates who were told by Officer Kieran Smith ("Officer Smith"), to "deal with him" (referring to Richardson) because he was a snitch. Officer Smith allegedly offered the four inmates tobacco and ordered them to assault Richardson. As a result of the assault by the inmates, Richardson sustained an injury to his eye requiring six stitches and now suffers from blurred vision and headaches.

1

Upon his return to Bedford County Jail after receiving medical attention at a local hospital, Richardson complained to Capt. Sircy about the assaults. Richardson was subsequently transported to Coffee County Jail "for safe keeping." (Court File No. 3, p. 4). Richardson requests that the Court "[t]ake proper measures against [the] officers involved[,]" and that he be awarded punitive damages in the amount of $250,000.

## I. Application to Proceed *In Forma Pauperis*

It appears from the application to proceed *in forma pauperis* submitted by Richardson that he lacks sufficient financial resources at the present time to pay the required filing fee of $350.00. Richardson is not relieved of the ultimate responsibility of paying the $350.00 filing fee. Since Richardson is an inmate or prisoner in custody at the Coffee County Jail, he will be **ASSESSED** the civil filing fee of $350.00 under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915. Richardson shall pay the full filing fee of three-hundred and fifty dollars ($350.00) pursuant to Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Richardson's inmate trust account at the institution where he now resides shall submit to the Clerk, United States District Court, 200 South Jefferson Street, Winchester, Tennessee 37398, as an initial partial payment, whichever is the greater of

    (a)    twenty percent (20%) of the average monthly deposits to Richardson's inmate trust account; or

    (b)    twenty percent (20%) of the average monthly balance in Richardson's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Richardson's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court is **DIRECTED** to send a copy of this memorandum and order to the Sheriff and the Custodian of Inmate Accounts at the Coffee County Jail, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee, to ensure the custodian of Richardson's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of Richardson shall collect the filing fee as funds become available. This order shall become a part of inmate Richardson's file and follow the inmate if he is transferred to another institution. The agency having custody of Richardson shall continue to collect monthly payments from his prisoner account until the entire filing fee of $350.00 is paid.

Richardson is **ORDERED** to provide the prison officials at any new institution with a copy of this order. Failure of Richardson to notify the new prison officials of this order and outstanding debt, will result in the imposition of appropriate sanctions against him without any additional notice or hearing by the Court.

II.     Service

The Clerk is **DIRECTED** to send Richardson a service packet (a blank summons and USM 285 form) for each of the Defendants named in this action. Richardson is

3

**ORDERED** to complete the service packet and return it to the Clerk's Office **within twenty (20) days** of the date of receipt of this Order. At that time the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. Fed. R. Civ. P. 4. Richardson is forewarned that failure to return the completed service packet within the time required could jeopardize his prosecution of this action.

Defendants **SHALL** answer or otherwise respond to the complaint **within twenty (20) days** from the date of service. Defendant's failure to timely respond to the complaint will result in entry of judgment by default against Defendants.

Richardson is **ORDERED** to inform the Court and Defendants or their counsel of record, immediately of any address changes. Failure to provide a correct address to this Court within **ten (10) days** following any change of address will result in the dismissal of this action.

SO ORDERED.

ENTER.

                                           /s/Harry S. Mattice, Jr.
                                           HARRY S. MATTICE, JR.
                                           UNITED STATES DISTRICT JUDGE