UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

CHRISTOPHER L. RICHARDSON )
)
    *Plaintiff*, )
)
v. ) 4:09-cv-12
) *Mattice*
)
SHERIFF RANDALL BOYCE, )
et al. )
)
    *Defendants*. )

## **MEMORANDUM**

This is a *pro se* prisoner's civil rights action pursuant to 42 U.S.C. § 1983. The matter is before the court on the motion to dismiss filed by the defendants. Plaintiff has not filed a response to the motion to dismiss and the court deems plaintiff to have waived his opposition to the dispositive motion. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.*, 577 F.2d 740 (6th Cir. 1978); E.D.TN. LR7.2. For the following reasons, the court finds this action should be **DISMISSED WITHOUT PREJUDICE**, for failure to exhaust administrative remedies, and the defendants' motion to dismiss [Court File No. 14] will be **GRANTED** to that extent.

Plaintiff's complaint alleges numerous assaults upon him by jail officers and fellow inmates upon plaintiff's confinement in the Bedford County Jail. He seeks monetary damages against the defendants. The defendants move to dismiss the complaint based upon plaintiff's failure to exhaust administrative remedies.

Pursuant to the Prison Litigation Reform Act (PLRA), before a prisoner may bring a civil rights action pursuant to 42 U.S.C. §1983, he must exhaust all available administrative remedies. 42 U.S.C. §1997e. "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Bock v. Jones*, 127 S. Ct. 910, 918-19 (2007) (abrogating the Sixth Circuit's rule that plaintiffs must plead administrative exhaustion and holding that failure to exhaust administrative remedies is an affirmative defense to be established by defendants).

At the time he filed his complaint, plaintiff was no longer housed in the Bedford County Jail, but had been transferred to the Coffee County Jail. In the body of his complaint, plaintiff admitted that he did not file a grievance concerning the alleged assaults because they occurred in a different jail than the one in which he was then housed. Plaintiff does not, however, state why he did not file a grievance prior to his transfer. In addition, his transfer, without more, will not excuse plaintiff's failure to exhaust his administrative remedies before filing a § 1983 action. *See Ruggiero v. County of Orange*, 467 F.3d 170, 177 (2d Cir. 2006) (transfer from one jail to another does not excuse obligation to exhaust remedies unless new facility has no procedures for filing an administrative grievance).

2

Under the circumstances, the court finds that plaintiff's complaint must be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies. According, the defendants' motion to dismiss will be **GRANTED** to that extent. All other pending motions will be **DENIED** as **MOOT**. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

    **AN APPROPRIATE ORDER WILL ENTER.**

                                           */s/Harry S. Mattice, Jr.*
                                            HARRY S. MATTICE, JR.
                                          UNITED STATES DISTRICT JUDGE